IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **VERNON ROBERTS** : | |
| : | |
| and : | Civil Action No. 6:21-CV-00406 |
| : | |
| **CONRAD LEE** : | |
| : | **Jury Demand Endorsed Hereon** |
| Plaintiffs : | |
| : | |
| v. : | |
| : | |
| **TECHSERV CONSULTING AND TRAINING, LTD.** : | |
| : | |
| and : | |
| : | |
| **JOHNNY RANDALL STAINES,** : | |
| c/o TechServ Consulting and Training, Ltd. : | |
| : | |
| and : | |
| : | |
| **RANDALL WISENBAKER,** : | |
| c/o TechServ Consulting and Training, Ltd. : | |
| : | |
| Defendants. : | |

## PLAINTIFFS' COMPLAINT

Now comes Plaintiffs Vernon Roberts and Conrad Lee and proffer this Complaint for damages against Defendants TechServ Consulting and Training, Ltd. ("TechServ"), Johnny Randall Staines, and Randall Wisenbaker (referred to herein collectively as "Defendants").

## NATURE OF SUIT

1. Plaintiffs seek to recover overtime wages owed pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

2. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and 28 U.S.C. §1331.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants' principal place of business is in Tyler, Texas in the Eastern District of Texas.

## PARTIES

4. Plaintiff, Vernon Roberts ("Plaintiff Roberts"), is an individual and United States citizen.

5. Plaintiff Roberts is a resident of the State of Texas.

6. Plaintiff Roberts started working for Defendant in March 2017 and still continues to work for Defendants.

7. Over the course of his employment, Plaintiff Roberts has worked as a Transmission Construction Representative which is commonly referred to as a "TCR."

8. Plaintiff, Conrad Lee ("Plaintiff Lee"), is an individual and United States citizen.

9. Plaintiff Lee is a resident of the State of Texas.

10. Plaintiff Lee started working for Defendant in August 2016 and still continues to work for Defendants.

11. Over the course of his employment, Plaintiff Lee has worked as a Transmission Construction Representative ("TCR").

12. Defendant TechServ Consulting and Training Ltd. ("TechServ") is a Texas limited liability company with its principal place of business in Tyler, Texas.

13. Defendant Johnny Randall Staines is a resident of Texas and owns, in whole or in part, Defendant TechServ. Defendant Staines is also responsible for TechServ's business operations, including setting payroll policies and procedures.

14. Defendant Randall Wisenbaker is a resident of Texas and owns, in whole or in part, Defendant TechServ. Defendant Wisenbaker is also responsible for TechServ's business operations, including setting payroll policies and procedures.

15. Defendants are "employers" as that term is defined under the FLSA and Ohio law.

16. During the relevant times herein, Defendants benefitted from the work performed by Plaintiffs.

17. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

18. Defendants' employees were engaged in interstate commerce and Defendants had annual gross volume sales and/or business in an amount not less than $500,000.00.

19. Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States.

20. During the relevant times herein, Defendants had knowledge of and acted willfully with regard to their conduct described herein.

21. Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

## FACTUAL BACKGROUND

22. Defendant TechServ provides consulting and services to the utility industry.

23. Defendant TechServ's biggest client is American Electric Power ("AEP").

24. Defendant TechServ employs TCRs to work on AEP projects. The TCRs are frequently on job sites to ensure that subcontractors are performing the work up to AEP standards. TCRs also make sure other aspects of the job run smoothly.

25. AEP pays Defendant TechServ a set amount based on the number of hours worked by TCR employees.

26. From October 2018 through approximately January 2021, Plaintiffs reported their hours each week to TechServ and were paid based on the number of hours they worked.

27. Plaintiffs were paid biweekly.

28. From October 2018 through approximately January 2021, Plaintiffs were paid a base minimum salary equivalent to 14-19 hours of work per work week. In addition to the guaranteed minimum, Plaintiffs were paid an hourly rate for all hours worked beyond the guaranteed minimum hours.

29. Plaintiffs routinely work more than 40 hours in a workweek.

30. From October 2018 through approximately January 2021, Defendants did not pay Plaintiffs overtime at a rate of one and one-half times their regular rate of pay for all hours worked over 40 in a workweek.

31. Plaintiffs guaranteed minimum salary does not have a reasonable relationship to the total amount of compensation actually earned.

### FIRST CAUSE OF ACTION
### FLSA, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime
### (Against All Defendants)

32. All of the preceding paragraphs are realleged as if fully rewritten herein.

33. From October 2018 through approximately January 2021, Defendants paid Plaintiffs on an hourly basis.

34. Plaintiffs were paid straight time for all hours worked, including hours worked in excess of 40 in a workweek.

35. Plaintiffs' guaranteed minimum pay was based on a certain number of hours worked.

36. Plaintiffs' guaranteed minimum pay did not have a reasonable relationship to the total compensation earned by Plaintiffs.

37. Defendants knew or should have known that the applicable pay structure violated the FLSA.

38. During the past three years, Defendants have knowingly and willfully failed to pay Plaintiffs for all hours worked over 40 in a workweek.

39. As a direct and proximate result of Defendants' conduct, the Plaintiffs have suffered damages. Plaintiffs seek unpaid compensation, liquidated damages or interest, and attorneys' fees/costs, and all other remedies available.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand relief from Defendants as follows: an award against Defendants in an amount equal to the liability, losses, damages, liquidated damages, attorneys' fees, costs, expenses and any other amounts available under the law incurred as a result of Defendants' violations.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (Ohio Bar #0085197)
(Greg@MansellLawLLC.com*)*
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-796-4325
Fax: 614-547-3614
*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby request a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)